UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
11 JUL 13 PM 4:23

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| v. ) | No. IP 07-cr-16-SWR-1 |
| ALAN KING, JR., ) | |
| Defendant ) | |

## DEFENDANT'S RESPONSE TO ORDER

Comes now Alan King Jr., brings this response to the Court's order dated July 8, 2011 regarding Motion To Return Property, and states the following.

1. Defendant's motion should not be processed as a Rule 41 (g) civil action because the United States initiated the Defendant's property to be applied to outstanding financial penalties when they filed their motion on November 2, 2010.

2. Defendant's due process rights were violated because he wasn't given an opportunity to respond to USA's motion because they used an incorrect address which should that they serv'd the Defendant at Forrest City, Arkansas facility instead of the Terre Haute facility that Defendant was at.

3. Citing 26 USC 6334 [a][9], that the 976.05 seized during arrest is exempt. The Court has statutory authority to order payment in full of a restitution obligation when government notifies the Court of the status of a defendant's economic situation that affects his ability to pay

U.S. v. Sawyer 521 F. 3d 792 [7th Cir], where defendant is unable to pay the whole restitution award 18 USC 3664 [f][2] requires the District Judge to set a schedule of payments. It requires judge to set a schedule if the defenadnt cannot pay in full at once but it does not say when a schedule must begin. The schedule need not, and as a rule should not, begin until after the defendant is relaesed from prison. Payments until release should be handled through Inmate Financial Responsibility Program rather than the courts auspices.

At the time the U.S.A. filed their motion to have the defendant's property applied to outstanding financial penalties defendant was participating in the Inamte Financial Responsibility Program at $80.00 dollars a month which is taken from defendant's pay of $110.00 a month institution job. At the time of senrencing it was determined that the defendant had no other assets or property.

-1-

RECEIVED

JUL 14 2011

U.S. CLERK'S OFFICE
INDIANAPOLIS INDIANA

4. Defendant would like to bring to the Court's attention that he is confused as to the order dated July 8, 2011. This matter was initiated when the USA filed to have the defendant's property applied. Defendant should have been given a chance to respond and could have presented a case to the Court that he is aggrieved by the deprivation of the property.

Defendant thought that motion should or would be considered as a reconsider to the Courts order granting the property to be applied, enlight of the defendant not having the opportunity to respond because of not being served. If that be the case then that judgment the defendant would ask to be set aside. The property was never in the District Attorney's possession and the Social Security Administration/OIG office should have returned that said property along with the other property that they submitted to the defendant.

Again, the defendant would like the Court to know that he fully accept responsibility for payment of restitution and will continue to make every effort while in prison and out to pay his restitution, but he currently also have civil matters pending and the Appeals Court of the 8th Circuit granted In Forma Pauperis which the defendant has obligation to pay. Whatever the Court feels should be done as far as what the motion should be treated as defendant ask the court to do so as he is not a trained attorney and really isn't capable of fully understanding the nature of all this and would ask that the money be applied to the outstanding court fees of the current cases that he have pendiong or just simply returned to him.

Respectfully Submitted,

Alan R. KIng Jr
#08297-028
Federal Correctional Camp
P.O. Box 33
Terre Haute, IN  47808

### CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT i HAVE SERVED A COPY OF THE FOREGOING BY U.S. MAIL TO THE FOLLOWING PARTY BY FIRST CLASS MAIL ON THIS 13TH DAY OF JULY, 2011.

Office of The United States Attorney
10 West Market Street
Suite 2100
Indianapolis, IN   46204

Alan R. KingJr.