UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:07-CR-00016-001 |
| | ) |
| ALAN KING, JR., | ) |
| | ) |
| Defendant. | ) |

**RESPONSE TO COURT'S ENTRY DATED JULY 8, 2011**

On May 9, 2007, the Court entered a Judgment in a Criminal Case against King, sentencing him to a term of imprisonment, and ordering him to pay a special assessment in the amount of $400.00 and restitution to the victims of his crime in the amount of $183,845.54.

Pursuant to a motion by the United States, on November 29, 2010, the Court ordered that certain property originally belonging to the Defendant Alan King – $976.05 in cash seized from the Defendant during his arrest and being held by the Social Security Administration OIG – should be applied to the Defendant's monetary obligations.

On October 21, 2010, the Defendant, Alan King, Jr., filed a "motion to return" that property. The United States responded to Mr. King's motion to return on January 10, 2011. Because the United States' motion and the Court's November 29, 2010, Order related to an enforcement action as to Mr. King's restitution obligations, the matter was properly docketed and addressed under the criminal cause number.[1]  Accordingly, it is the United States' position

---

[1] Under the Mandatory Victims Restitution Act, 18 U.S.C. § 3664, an order of restitution may be enforced "by all ... available and reasonable means." *Id*. § 3664(m)(1)(A)(ii). In addition, it provides that "[t]he United States may enforce a judgment . . . against all property or rights to property of the person fined. . . . ." *Id*. § 3613(a). In representing the interests of Mr. King's victims, the United States appropriately enforced the criminal judgment by asking the Court to apply cash proceeds to Mr. King's restitution obligations. *See also* 18 U.S.C. § 3613(a),

that no new civil action need be opened to address Mr. King's motion to return property.

However, because the Court has already granted to United States' motion to have the property in question transferred to the Clerk's Office and applied to Mr. King's restitution judgment, Mr. King's motion to return property is properly treated as a motion to reconsider the Court's November 29, 2010. For the reasons set forth in the United States' response filed January 10, 2011, the Court should deny Mr. King's motion.

                              Respectfully submitted,

                              JOSEPH H. HOGSETT
                              United States Attorney

By:   *s/ Shelese Woods*
        Shelese Woods
        Assistant United States Attorney

---

(c), (f) (authorizing United States to enforce a judgment imposing a fine or restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law.").

## **CERTIFICATE OF SERVICE**

This is to certify that I have served a copy of the foregoing **RESPONSE TO MOTION** by mailing a copy thereof to the following parties by first class mail on this 21st day of July, 2011.


Alan King, Jr.
FCI Forrest City
c/o IFRP Coordinator
PO Box 7000
Forrest City, AR 72336


                                                *s/ Shelese Woods*
                                              Shelese Woods
                                              Assistant United States Attorney


Office of the United States Attorney
10 West Market Street
Suite 2100
Indianapolis, IN  46204
Telephone: 317-226-6333